IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 2BROTHERS1LOVE, LLC, | ) CIVIL ACTION NO. 2:22-CV-04485 |
| | ) |
| Plaintiff, | ) JUDGE:  HONORABLE IVAN L.R. |
| | )              LEMELLE, SECTION "B" |
| | ) |
| v. | ) MAGISTRATE: KAREN WELLS |
| | )                ROBY (4) |
| | ) |
| SELINA OPERATION NEW ORLEANS, LLC | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM OF LAW IN
### SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

Defendant SELINA OPERATION NEW ORLEANS, LLC ("Selina"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss Count One and Count Three of the complaint of plaintiff 2Brothers1Love, LLC ("2Brothers") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a valid claim for relief.

### INTRODUCTION

Selina owns and operates the Catahoula Hotel in New Orleans.  This case arises out of a contract between Selina and 2Brothers under which 2Brothers was to operate a "pop up restaurant" at the hotel.  Selina terminated the contract due to various breaches committed by 2Brothers and 2Brothers in turn sued Selina claiming Selina breached the contract by terminating 2Brothers.

2Brothers' complaint asserts three "counts" against Selina.  Count One seeks to allege a cause of action for "Bad Faith Breach of Contract"; Count Two for "Breach of Contract";

1

and Count Three for "Unjust Enrichment." As explained more fully herein, Count One fails to state a valid cause of action because 2Brothers has not included any facts to support its conclusory allegation that Selina's alleged breach of the parties' contract was "malicious" or in "bad faith." Count Three fails to state a valid cause of action because it is undisputed that the parties entered into a contract governing their relationship and as a result, plaintiff is precluded from pursuing a claim for unjust enrichment as a matter of law.

## PROCEDURAL BACKGROUND

2Brothers filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana, on October 4, 2022. *See* Notice of Removal (Dkt. No. 1), Ex. 1 ("Petition"). Selina was served with the Petition on October 13, 2022. *See* Notice of Removal, ¶ 1. On November 11, 2022, Selina timely removed this action to this Court pursuant to 28 U.S.C. § 1332. *See* Notice of Removal.

## FACTUAL BACKGROUND

2Brothers alleges it entered into a contract with Selina (the "F&B Contract") in April 2021 under which "2Brothers would operate 'pop up' [*sic*] restaurant that developed, created, and selected all food and non-alcoholic beverages at the Catahoula Hotel." Ex. 1, ¶ V. The F&B Contract had a seven-month term with an option to renew. *Id.*, ¶ VII. *See also* Notice of Removal, Ex. D at Art. 1.1. It also permits either party to terminate the contract on thirty days written notice. *Id.*., Art. 7.2.1. In addition, under Article 7.2, Selina had the right to terminate the F&B Contract immediately for various reasons, including if: "(a) Service Provider [2Brothers] commits any act which, in the reasonable opinion of Selina, insults, or offends community standards of public morals or decency … or (f) [i]f the Service Provider

2

does not operate the F&B Space in accordance with the Required Caliber." *Id.*, Art. 7.2.

According to 2Brothers, Selina breached the contract when it allegedly "terminated 2Brothers without cause … [and] refused to pay 2Brothers amounts owed pursuant to their agreement." *Id.*, ¶¶ XI-XII, XVII-XIX.  2Brothers incorporated all of its "bad faith breach of contract" allegations from Count One into its claim for "breach of contract" in Count Two and its "unjust enrichment" claim in Count Three.  *Id.*, ¶¶ XVII, XX.

## ARGUMENT

### I.     Standard For Motion To Dismiss

In evaluating motions to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Although a complaint does not need "detailed factual allegations, ... more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Further, to survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir.2009).

Under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and ... view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), *cert. denied,* 476 U.S. 1159 (1986). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

**II.     Count One Fails To State A Valid Cause Of Action For Bad Faith Breach Of Contract**

A claim for bad faith breach of contract requires that the obligor "intentionally and maliciously fail[ ] to perform his obligation." La. Civ. Code art. 1997, Revision Comment (b).  Bad faith is not "mere bad judgment or negligence[;] it implies the conscious doing of a wrong for dishonest or morally questionable motives." *LHTE Tr. Estate v. H H E Energy Co.,* 6:18-CV-00654, 2019 WL 1385228, at *5 (W.D. La. Feb. 14, 2019) (quoting *Volentine v. Raeford Farms of La., LLC*, 201 So. 3d 325, 338 (La. App. 2 Cir. 2016)).

"A legally sufficient complaint must establish more than a 'sheer possibility' that

4

plaintiff's claim is true. It need not contain detailed factual allegations, ***but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.*** In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim." *LHTE,* 2019 WL 1385228, at *2 (citations omitted). "If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed." *Id.* (citing *Twombly*, 550 U.S. at 555; *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007)}.

Here, the only allegation relating to any malicious misconduct included in 2Brother's complaint is that Selina "maliciously breached the agreement with 2Brothers by terminating 2Brothers without cause…." That bare bones conclusion is insufficient as a matter of law to plead a valid cause of action for bad faith breach of contract. *See, e.g., Brown v. Phoenix Life Ins. Co.,* 843 Fed. Appx. 533, 543 (5th Cir. Jan. 12, 2021) (allegations that insurer's breach was "an intentional sham and scam" did not plead facts to assert a bad faith breach claim); *Sartisky v. Louisiana Endowment for the Humanities*, CIV.A. 14-1125, 2014 WL 5040817 (E.D. La. Sept. 26, 2014). There are no fact allegations that Selina's breach, assuming it occurred, resulted from dishonest or morally questionable motives as required by Louisiana law.

In *Sartisky,* the Court denied a motion to dismiss a bad faith breach of contract claim, but only because the plaintiff had sufficiently alleged facts to support (1) his assertion that he was improperly terminated and (2) that LEH's conduct was intentional and malicious. As the Court explained:

> Specifically, Sartisky alleges that LEH's conduct during the investigation was improper where he was never provided with documentation of the specific

allegations against him, any evidence of LEH's contentions, or the identity of the parties involved. Additionally, he claims LEH acted in violation of its own grievance policies throughout the investigation. Also, Sartisky contends that age was a motivation for his termination coupled with an assertion that the only other similarly aged male employees were terminated as well.

***Based on these allegations and others stated in the complaint, the Court finds that Sartisky has presented enough factual matter to survive a motion to dismiss under Rule 12(b)(6). In other words, Sartisky has alleged "more than the mere possibility of misconduct."***

2014 WL 5040817, at *3 (citing *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).  *See also LHTE*, 2019 WL 1385228, at *2 (granting motion to dismiss because plaintiff did "not provide sufficient factual matter to state its claim for Bad Faith Breach of Contract."); *Hi-Tech Elec., Inc. of Del. v. T&B Constr. & Elec. Servs., Inc.*, 2018 WL 2268168, at *7 (E.D. La. May 17, 2018) (dismissing bad faith breach of contract claim when the plaintiff alleged the defendant intentionally breached an agreement and misrepresented the reasons for doing so, but did not adequately allege that the defendant "intended to harm" plaintiff or had any malicious or morally questionable motives); *cf. Volentine*, 201 So. 3d at 348 (affirming trial court's finding of bad faith breach when evidence suggested defendant "singled [the plaintiff] out," was "angry with him, and pursued a pattern of wrongdoing against" him).

The F&B Contract expressly permitted Selina to terminate it early for a variety of reasons, or for no reason.  2Brothers has failed to allege any factual basis supporting its conclusory allegation that Selina's termination nonetheless was the result of "the conscious doing of a wrong for dishonest or morally questionable motives."  Accordingly, Count One fails to state a valid claim for relief and should be dismissed.

**III.    Count Three Fails To State A Valid Cause Of Action For Unjust Enrichment**

Based on the same legal and factual allegations as its bad faith breach of contract claim

6

and it breach of contract claim, in Count Three 2Brothers attempts to state a valid cause of action for unjust enrichment. However, because 2Brothers "has alleged [a] cause[] of action based on breach of contract … its unjust enrichment claim cannot lie and must be dismissed." *Westbrook v. Pike Elec., L.L.C.,* 799 F. Supp. 2d 665, 672 (E.D. La. 2011).

The requisite elements of a claim for unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other available remedy at law. *Baker v. Maclay Props. Co.,* 648 So.2d 888, 897 (La. 1995). "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Walters v. MedSouth Record Management, LLC*, 38 So.3d 243, 244 (La. 2010) (quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st.Cir.1988). Whether 2Brothers succeeds or not with respect to its other claims is immaterial. *Westbrook,* 799 F. Supp. 2d at 672. Rather, "[t]he mere fact that there are alternative remedies available precludes a claim for unjust enrichment." *Id.*

For example in *Walters*, the Supreme Court for the State of Louisiana concluded that because plaintiff there had pleaded a delictual action, plaintiff was "precluded from seeking to recover under unjust enrichment." 38 So.3d at 244. "Thus, considering plaintiff has alleged causes of action based on breach of contract … a claim for unjust enrichment cannot lie and must be dismissed." *Westbrook*, 799 F. Supp. 2d 665, 672 (E.D. La. 2011) (citing *Walters*, 38 So. 3d at 242 ("[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment.").

Accordingly, because 2Brothers has at least a potential breach of contract remedy, Count Three must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendant Selina respectfully requests that this Court dismiss Count One and Count Three of 2Brothers' complaint and grant Selina any additional relief deemed necessary and proper.

Respectfully submitted,

/s/  Timothy  D.  Scandurro
STEPHEN O. SCANDURRO, BAR NO. 20362
TIMOTHY D. SCANDURRO, BAR NO. 18424
JEAN-PAUL LAYRISSON, BAR
NO. 20917 SCANDURRO & LAYRISSON, LLC
607 St. Charles Avenue New Orleans, LA 70130
Telephone: (504) 522-7100
Facsimile: (504) 529-6199
Email: steve@scanlayr.com; tim@scanlayr.com;
Jean-paul@scanlayr.com

DAVID E. KOROPP (*pro hac vice* intended)
FOX SWIBEL LEVIN & CARROLL LLP
200 West Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
Email:dkoropp@foxswibel.com

***Attorneys for Selina Operation New Orleans, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record via CM/ECF, e-mail, facsimile, and/or U.S. Mail this day, November 17, 2022

 /s/  Timothy  D.  Scandurro
TIMOTHY D. SCANDURRO