UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **2BROTHERS1LOVE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4485** |
| **SELINA OPERATION NEW ORLEANS, LLC** | **SECTION: "B" (4)** |

**************************************************************************

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT**

**MAY IT PLEASE THE COURT:**

2Brothers1Love, LLC ["2Brothers"], Plaintiff herein, hereby submit this Memorandum in Support of Plaintiff's Motion to Enforce Settlement against Defendant, Selina Operation New Orleans, LLC ["Selina"]. As stated herein and further supported by the attached argument, exhibits, and applicable law, 2Brothers have filed the immediate Motion to Enforce Settlement respectfully requesting this Honorable Court enforce the settlement agreement entered into and signed by all parties to this litigation.

**I.   RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY**

In June of 2023, the parties began settlement negotiations to resolve this matter. After several days of negotiating settlement in this proceeding, 2Brothers and Selina agreed to the terms and conditions of settlement on July 3, 2023.[1] Selina drafted a written settlement agreement to conform with these terms.

---

[1] *See, Exhibit 1*, E-mail exchange between Selina's counsel and 2Brothers' counsel.

On August 3, 2023, 2Brothers sent to Selina an executed copy settlement agreement.[2] On August 23, 2023, Selina provided 2Brothers with an executed copy settlement agreement.[3] By this date both parties fully executed the settlement agreement ["Settlement Agreement"].[4]

Pursuant to the Settlement Agreement, Selina agreed to pay 2Brothers an amount of Thirteen Thousand Five Hundred and 00/100 Dollars ($13,500.00) by no later than August 31, 2023.[5] However, to date, Selina has not fulfilled its obligations under the settlement agreement. Selina has made no indication of its intention to this settlement amount.

Further, the Settlement Agreement states that it is governed by Louisiana law.[6] And in the event a party must seek enforcement of the Settlement Agreement, that party shall be entitled to recover its attorneys' fees and expenses.[7]

In consideration of the foregoing, 2Brothers have filed this Motion to Enforce Settlement, respectfully requesting this Honorable Court to issue a judgment enforcing the Settlement Agreement.

**II.   APPLICABLE LAW**

It is respectfully submitted that this Honorable Court has subject matter jurisdiction over this matter, and the inherent power to enforce the agreement settling the instant litigation pending before this Court. It is well-established that federal courts have the power to enforce agreements that settle litigation pending before them. *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.3d 1379, 1380 (5th Cir. 1988). Settlement agreements are a type of contract, and, thus, federal courts sitting in diversity cases apply state law when determining the construction and enforcement of

---

[2] *Exhibit 2,* August 3, 2023 E-mail from 2Brothers to Selina with attached Settlement Agreement.
[3] *Exhibit 3,* August 23, 2023 E-mail from Selina to 2Brothers with attached Settlement Agreement.
[4] *Exhibit 4,* Fully Executed Settlement Agreement.
[5] *Id.*
[6] *Id.*
[7] *Id.*

such agreements.  *Id.* (*citing, Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987)); *Marchese v. Secretary, U.S. Dep't of Interior*, 409 F. Supp. 2d 763, 770 (E.D. La. 2006)).

Articles 3071 through 3083 of the Louisiana Civil Code govern the settlement of a dispute by the parties thereto.  Therein settlement is referred to as a compromise and is defined as a "contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."  La. Civil Code article 3071.  Louisiana law further demands that any settlement agreement (or compromise) putting to end a lawsuit must be reduced to writing. La. Civil Code article 3072.

"A compromise is valid if there is a meeting of the minds of the parties as to exactly what they intended when the compromise was reached." *Elder v. Elder & Elder Enterprises, LTD,* 06-703 (La. App. 4 Cir. 1/11/07) 948 So.2d 348, 350.  A valid compromise is established through offer and acceptance. *Id.* At 351.  Essentially, there are two elements to a compromise "(1) mutual intention of preventing or putting an end to litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Klebanoff v. Haberle*, 43,102 (La. App. 2 Cir. 3/19/08) 978 So.2d 598, 602.  Indeed, a compromise is a contract.  *Feingerts v. State Farm Mut. Auto. Ins. Co.*, 2012-1598 (La. App. 4 Cir. 6/26/13), 117 So.3d 1294, 1301.

Upon establishing the existence of a valid compromise agreement, the compromise instrument constitutes the law between the parties and must be interpreted in accordance with the intent of the parties. *Trahan v. Coca Cola Bottling Co. United, Inc.*, 2004-0100 (La. 3/2/05), 894 So.2d 1096, 1106 (*citing Ortego v. State, Dept. of Transp. & Dev.*, 96-1322, p. 7 (La. 2/25/97), 689 So.2d 1358, 1363).  The compromise instrument is governed by the same general rules of construction that are applicable to contracts. *Id.* The general rule of construction is provided by La. Civil Code art. 2046, which states that "[w]hen the words of a contract are clear and explicit and

lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *Id*. at 1106-1107.

Additionally, it is well-established in Louisiana that "attorney's fees are not allowed except where authorized by statute or contract." *Maloney v. Oak Builders, Inc.*, 256 La. 85, 97, 235 So. 2d 386, 390 (1970). Parties are allowed to contract with respect to attorney fees. *Id.*

### III. APPLICATION OF LAW TO FACTS PRESENTED

Here, all of the elements of a valid and enforceable compromise are present. Each party made concessions to settle this matter and prevent further litigation. The agreement was reduced writing, and each party executed the Settlement Agreement.[8] By reducing the settlement to writing and each party signing the Settlement Agreement, there was a meeting of a minds, and the parties made unquestionably demonstrated their intention of putting an end to the litigation. *See,* La. Civil Code art. 3071 and 3072. On the one hand, 2Brothers agreed to a settlement amount ($13,500.00) that was far less than the amount it claimed in this matter. On the other hand, Selina was able to mitigate their potential damages and costs by entering into the Settlement Agreement. However, Selina has refused to fulfill its obligations under the Settlement Agreement because it has not paid 2Brothers the settlement amount ($13,500.00) that was due on August 31, 2023. What is more, Selina has made no indication of whether it intends to pay this amount. As a result, the terms of the Settlement Agreement should be enforced by this Honorable Court.

In addition to this, 2Brothers respectfully requests its attorneys' fees and expenses incurred in bringing the instant Motion to Enforce. Under the terms of the Settlement Agreement, any party to the Settlement Agreement seeking its enforcement shall be entitled to recover its attorneys' fees

---

[8] *Exhibit 4.*

and expenses.[9]  Because 2Brothers was forced to bring enforce the Settlement Agreement, it respectfully requests all attorneys' fees and expenses for bringing the instant motion.

IV.  **CONCLUSION**

In consideration of the foregoing applicable law, arguments, and evidence presented, 2Brothers1Love, LLC respectfully requests this Honorable Court grant their Motion to Enforce Settlement pursuant to the terms and conditions outlined in the Settlement Agreements executed by all parties and award 2Brothers1Love, LLC its attorneys' fees and expenses incurred in bringing the instant Motion to Enforce Settlement.

Respectfully submitted,

GRIFFIN & BIVALACQUA

/s/ *Will C. Griffin*
Salvador I. Bivalacqua (#26803)
Will C. Griffin (#36864)
650 Poydras Street, Suite 2615
New Orleans, LA  70130
Office: (504) 648-1858
Facsimile: (504) 561-0559
E-Mail: sib@gb-lawfirm.com
E-Mail: wcg@gb-lawfirm.com
*Counsel for 2Brothers1Love, LLC*

**ATTORNEY CERTIFICATION**

I hereby certify that the foregoing Motion has been filed with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; that the foregoing pleading has been delivered by other means to all parties who have not registered to received electronic notification on this 29th day of September 2023.

s/ *Will C. Griffin*
Will C. Griffin

---

[9] *Id.*

5